UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GAY JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>        Defendant. | Case No. CV 17-07548-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Michelle Gay Johnson ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On February 5, 2014, Plaintiff filed a claim for SSI alleging disability beginning August 1, 2012. (Administrative Record ("AR") 61-62, 75.) Her application was denied initially on July 15, 2014, and upon reconsideration on October 15, 2014. (AR 97, 105.) On November 20, 2014, Plaintiff filed a written request for hearing, and a hearing was held on July 26, 2016. (AR 36, 123.)

Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 38-60.) On September 26, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since February 5, 2014. (AR 31.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on October 16, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 5, 2014, the application date. (AR 21.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: spine disorders; depression; and muscle/ligament/fascia impairment. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 25.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work . . . except with the capacity to frequently balance; occasionally climb ramps/stairs, stoop, kneel, crouch, crawl, and climb ladders, ropes/scaffolds; occasionally reach overhead with the right upper extremity; no greater than simple, repetitive tasks; and no more than occasional interaction [] with the public, coworkers, and supervisors.

(AR 27.) At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was unable to perform any past relevant

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

work. (AR 30.) At **step five**, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the application date through the date of the decision. (AR 31.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination

and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ erred in evaluating the psychological consultative examiner's opinion. (Joint Submission ("JS") 3.)

### A. The ALJ Did Not Properly Evaluate The Opinion Of Plaintiff's Examining Psychologist

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of psychologist Kara Cross, Ph.D. (*See* JS 3-4.) The Commissioner contends that the ALJ properly considered Dr. Cross's opinion in the context of the entire record. (*See* JS 5-9.)

#### 1. Applicable Legal Standards

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir.2008). "An ALJ can satisfy the

'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

### 2. Discussion

Dr. Cross performed a complete mental status evaluation of Plaintiff in April 2014. (AR 299-305.) Dr. Cross assessed that Plaintiff's "vegetative depression" moderately limited her ability to understand, remember, and carry out simple one- or two-step instructions in a normal work week without decompensating. (AR 304.) Dr. Cross found that Plaintiff "could easily, emotionally decompensate in a full time position." (*Id.*) Dr. Cross also found moderate limitations in Plaintiff's ability to complete detailed and complex tasks, maintain concentration and attention, maintain reasonable persistence and pace, maintain regular attendance in the workplace, and perform activities on a consistent basis. (*Id.*)

When assessing Dr. Cross's opinion, the ALJ stated:

> The opinion by the consultative psychiatric examiner in Exhibit 3F is given limited weight to the extent it states the claimant can perform simple work. However, minimal to no weight is given to the examiner's opinion that the claimant could not work full time.

(AR 28.) The ALJ provided no reasons for this rejection.

Although the ALJ need not accept the entirety of an examining physician's opinion, he may not reject it without providing legally sufficient reasons for doing so. *See Embrey*, 849 F.2d at 422; *Lester*, 81 F.3d at 830-31; *see also Khan v. Colvin*, No. EDCV 12-2106-MAN, 2014 WL 2865173, at *8 (C.D. Cal. June 24, 2014) ("The ALJ's failure to proffer any reason, let alone an appropriate reason, for failing to incorporate properly and/or to explain the dismissal of a portion of [a reviewing physician]'s opinion constitutes error.").

The Commissioner argues that the ALJ found Dr. Cross's opinion to be inconsistent with multiple notations in the record of "negative" psychiatric

symptoms and normal findings. (*See* JS 7-8.) The Commissioner also notes that a state agency medical consultant reviewed the record, including Dr. Cross's opinion, and found that Dr. Cross's opinion was unsupported and overestimated the severity of Plaintiff's condition. (JS 9.) But as Plaintiff correctly points out (JS 10), the ALJ never articulated these reasons, and this Court cannot affirm on grounds on which the ALJ did not rely. *See Orn*, 495 F.3d at 630.

The Court finds that the ALJ erred in failing to provide any legally sufficient reasons to reject Dr. Cross's opinion. *See Khan*, 2014 WL 2865173, at *8. Accordingly, remand is warranted on this issue.

### B. <u>Remand For Further Administrative Proceedings</u>

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ erred in assessing the opinion of Plaintiff's examining psychologist. On remand, the ALJ shall reassess the opinion of Dr. Cross and provide legally adequate reasons for any portion of that opinion that the ALJ

discounts or rejects. The ALJ shall then reassess Plaintiff's RFC and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 19, 2018 　　　　　　　　　　　/s/　　　　　　　　　　
　　　　　　　　　　　　　　　　　　ROZELLA A. OLIVER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**